# JPMorgan Chase & Co.

**Frederic L. Lieberman**
Executive Director/Assistant General Counsel
Legal and Compliance Department

October 5, 2012

<u>Via ECF</u>

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Mark Szuszkiewicz v. JPMorgan Chase Bank
       (U.S. Dist. Ct., E.D.N.Y., CV 12-3793 (SLT) (VMS))

Your Honor:

  The JPMorgan Chase Legal & Compliance Department represents Defendant J.P. Morgan Securities LLC ("JPMS"), successor in interest to Chase Investment Services Corp. ("CISC"), incorrectly named as JPMorgan Chase Bank in the above-entitled action. Defendant writes, pursuant to Rule III(A) of Your Honor's Individual Motion Practices & Rules, to request a conference regarding Defendant's proposed motion pursuant to Fed. R. Civ. P. 12 to dismiss Plaintiff's Complaint.

  JPMS is a provider of, <u>inter alia</u>, securities and brokerage services to individuals, businesses and other entities that are customers of the consumer bank branches operated by JPMorgan Chase Bank, N.A. (the "Bank"). Financial Advisors employed by JPMS work out of those branches and are responsible for selling Brokerage/Dealer and Investment Advisory products and services, such as the sale and servicing of stocks, bonds, mutual funds, and annuities. Plaintiff Mark Szuszkiewicz was employed by CISC as a Financial Advisor on an at-will basis at the Bank's Park Slope West branch in Brooklyn. Although Plaintiff was employed by CISC from January 2008 until June 2011, he was on leave for most of that time. Thus, Plaintiff commenced a paid short-term disability ("STD") leave of absence on or about August 1,

The Honorable Sandra L. Townes  
Page 2

October 5, 2012

2008. Plaintiff's STD benefits ended on or about January 30, 2009 and he then continued on paid long-term disability ("LTD") leave until June 2011.

In this action, Plaintiff asserts claims against JPMS for disability discrimination and hostile work environment. Specifically, Plaintiff alleges that Defendant caused his unidentified disability[1], subjected him to a hostile work environment on account of his disability during his employment, and then terminated his employment on account of that disability. For the reasons set forth in this letter, Defendant proposes to file a motion to dismiss this action in its entirety.

First, Plaintiff's claims that Defendant caused his disability and subjected him to a hostile work environment on account of his disability during his employment should be dismissed because both are untimely. As Plaintiff's Complaint asserts, Plaintiff last actually worked for CISC on or about August 1, 2008 and, therefore, any such claims accrued no later than August 1, 2008. Plaintiff, however, did not file a charge of discrimination against JPMS until on or about October 13, 2011, more than three years later, and well beyond the 300 day period within which a charge of discrimination must be filed.

Second, Plaintiff's disability discrimination and disability-based hostile environment claims should be dismissed because, other than the alleged fact that Plaintiff had an unidentified disability, Plaintiff's rambling Complaint simply does not allege any specific actions taken by Defendant on account of that disability. In order to survive a motion to dismiss, a claim must be "'plausible on its face', Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). ... 'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (internal quotations, citations, and alterations omitted)." Stevens v. New York, 691 F. Supp.2d 392, 397 (S.D.N.Y. 2009). Plaintiff's Complaint fails to satisfy this standard.

Finally, Plaintiff's claim that his employment was terminated on account of his disability should be dismissed because, in fact, Plaintiff engaged in conduct that violated JPMS's Harassment-Free Workplace policy. In Plaintiff's Complaint, he states that "they fired me saying that I violated their harassment policy". Complaint at page 12 of 14. Defendant's Harassment-free Workplace Policy provides that:

> no form of harassment or inappropriate conduct is tolerated by or against employees, customers, **vendors, contractors or any other individuals who conduct business with the firm**.... Any violation of this policy by an employee, including inappropriate actions or failure to act, may result in corrective action, up to and including immediate termination of employment.

---

[1] Defendant neither concedes that Plaintiff's unidentified medical condition is a "disability" for purposes of any applicable law, or that it was the cause of, or contributed to, his harassment of an employee of a company that had a business relationship with Defendant.

The Honorable Sandra L. Townes  October 5, 2012
Page 3

  The violation of Defendant's harassment policy that Plaintiff refers to in his Complaint was that that he harassed a female employee of one of Defendant's vendors. In fact, Defendant will show that Plaintiff pled guilty to criminal charges related to that harassment. Thus, when Plaintiff was cleared to return to work in January 2011, he had to renew his securities licenses which had lapsed during his more than two years of leave. As part of that process, Plaintiff completed a Licensing & Registration Pre-Hire Background Notification Form in February 2011 and indicated that he had been "Charged with a felony." Further inquiry revealed that Plaintiff had been charged in criminal complaints for his actions relating to the vendor's employee, i.e., in the fall of 2008 Plaintiff was arrested twice and indicted by a Grand Jury on 4 counts of Aggravated Harassment in the Second Degree, 2 counts of Criminal Contempt in the First Degree, and 1 count of Criminal Contempt in the Second Degree. Plaintiff ultimately pled guilty to Criminal Contempt in the Second Degree.

  After investigation, Plaintiff's employment was terminated on or about June 8, 2011 because his harassment of the vendor's employee violated the Harassment-free Workplace Policy, and also because his failure to report his arrest and conviction violated Defendant's Criminal Convictions Policy, which requires employees to immediately report any pending or unresolved criminal Complaint(s) to their Human Resources Business Partner or Defendant's Employee Relations Advice Connection and to provide updates concerning the status of criminal matters. Plaintiff violated the Criminal Convictions Policy when he failed to report those criminal matters until February 2011, long after he pled guilty in February 2009.

  Plaintiff's Complaint appears to suggest that his harassment of the vendor's employee should have been excused because his unspecified disability caused to engage in the offensive conduct. Plaintiff's claim fails, however, because the law under the Americans with Disabilities Act ("ADA") is clear and unequivocal—Plaintiff's alleged medical condition does not excuse his violations of Defendant's Harassment-free Workplace Policy. Neither the ADA nor the State and City Human Rights Law allow employees to engage in harassing and threatening behavior in violation of a company's non-harassment policy and then avoid termination by blaming their disability for their behavior. Cuttler v. Fried, Frank, Harris, Shriver and Jacobson, LLP, 10 Civ. 0296 (DAB), 2012 WL 1003511 *9 (S.D.N.Y. March 23, 2012); Canales-Jacobs v. New York State Office of Court Administration, 640 F. Supp.2d 482, 500 (S.D.N.Y. 2009); Orosco v. Long Island Jewish Medical Center, 05-CV-3418 (CBA), 2007 WL 2078300 *9 (E.D.N.Y. July 18, 2007).

  Accordingly, Defendant respectfully requests that the Court hold a pre-motion conference and set a schedule for briefing and submission of Defendant's motion to dismiss. I currently am available for a conference on the following dates: October 16-19, 25 (morning only), 26, 29 (afternoon only), 30 and 31.

Respectfully,

FLL
cc: Mark Szuszkiewicz